ERIC GRANT
United States Attorney
AUDREY HEMESATH
J. DOUGLAS HARMAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

**FILED**
Mar 02, 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. SAMPATH RAJIDI & SREEDHAR MADA, Defendants. | CASE NO. 2:26-cr-0027 TLN INFORMATION |

I N F O R M A T I O N

COUNT ONE: (18 U.S.C. § 371 – Conspiracy)

The U.S. attorney charges: THAT

SAMPATH RAJIDI and SREEDHAR MADA

Defendants herein, as follows:

1. Beginning in or about June 2020, and continuing through in or about January 2023, in the State and Eastern District of California, and elsewhere, defendants SAMPATH RAJIDI and SREEDHAR MADA knowingly and intentionally conspired and agreed with each other to commit the following offense against the United States:

  a. To knowingly make under oath, and knowingly subscribe as true under penalty of perjury as permitted under Title 28, United States Code, Section 1746, a false statement with

respect to material facts in an application, affidavit, and document required by the immigration laws and regulations prescribed thereunder, namely on a I-129 Petition and supporting documentation for H-1B nonimmigrant worker applicant, by falsely representing that H-1B Beneficiaries had actual existing job offers from employer University of California, when Defendants knew at the time that the representations were false in violation of Title 18, United States Code, Section 1546(a).

## INTRODUCTORY ALLEGATIONS

### Relevant Individuals and Entities

At all times relevant to this information:

2. Defendant Sampath RAJIDI was the Chief Executive Officer, Chief Financial Officer, and person with ultimate authority over the activities and operations of S-Team Software Inc. Defendant RAJIDI also oversaw the operations of Uptrend Technologies LLC.

3. Defendant Sreedhar MADA was the Chief Information Officer of University of California Agriculture and Natural Resources ("UCANR") located in Davis, California. Defendant MADA was also involved in the business operations of both S-Team Software Inc. and Uptrend Technologies LLC.

4. S-Team Software Inc., incorporated in the State of California on or about May 15, 2006, was a staffing company in Dublin and Tracy, California, offering services including the placement of skilled foreign workers with software and technology companies. The company was owned and operated by Sampath RAJIDI with assistance from Sreedhar MADA.

5. Uptrend Technologies LLC, organized in the State of California on or about January 6, 2022, was a technology staffing company in Dublin and Tracy, California, offering services that included the placement of skilled foreign working with software and technology companies, both offshore and onshore.

### The H-1B Visa Program

6. The Immigration and Nationality Act, 8 U.S.C. § 1101, controls and regulates several categories of foreign nationals who may be admitted to the United States on a temporary basis as nonimmigrants.

7. The H-1B Specialty Occupation Workers program allows an employer to temporarily employ a foreign worker in the United States on a nonimmigrant basis in a "specialty occupation." A specialty occupation requires a theoretical and practical application of a body of specialized knowledge and a bachelor's degree or its equivalent in the relevant specialty. The Employment and Training Administration ("ETA") is an agency of the United States established within the United States Department of Labor ("DOL") and empowered to administer parts of the H-1B program.

8. Each employer seeking to employ an H-1B nonimmigrant is required to submit a completed Labor Condition Application, ETA Form 9035 ("LCA"). The LCA requires the employer to make several attestations, providing confirmation of the existence and duration of the temporary job posting and describing the wages, working conditions, and benefits of the position.

9. Following submission of the LCA and subsequent DOL certification, the sponsor of the foreign worker seeking temporary employment under the H-1B program is required to file a Form I-129 Petition for Nonimmigrant Worker ("I-129 Petition") with the United States Citizenship and Immigration Services ("USCIS"), a component of the United States Department of Homeland Security ("DHS"), for the individual foreign worker hired in connection with the certification. The foreign worker is referred to as the "beneficiary" of the H-1B visa application process. When a petitioner other than the ultimate employer applies for an H-1B visa for a foreign worker, the ultimate employer seeking to hire the worker is referred to as the "end-client."

Submission of H-1B Visa Applications by S-Team Software, Inc. and Uptrend LLC

10. Since at least 2018, S-Team Software, Inc. has held itself out as a consulting firm offering staffing services to technology companies located across the country, including in the Eastern District of California. In connection with those services, S-Team Software regularly applied for H-1B visas on behalf of foreign workers. S-Team would then place these H-1B visa recipients as temporary workers at end-client companies.

11. As Chief Executive Officer of S-Team Software, Sampath RAJIDI had ultimate authority over the activities and operations of S-Team Software. Sreedhar MADA participated in various aspects of S-Team's business, including assisting in the selection, marketing, and payroll for H-1B visa workers hired by S-Team.

12. Since at least 2022, Uptrend Technologies LLC has held itself out as a firm providing offshore staffing services to companies and organizations located in the Eastern District of California. Although not typical for the business it purported to conduct, Uptrend filed for multiple H-1B visas on behalf of foreign workers. Many of these workers already worked for Uptrend overseas.

13. Defendant Sampath RAJIDI oversaw operations of Uptrend due to his experience with the industry. Defendant Sreedhar MADA also handled operations at Uptrend, including maintaining records of Uptrend's financial information. As such, Defendants participated in various aspects of the company's business, including the selection of H1-B visa beneficiaries and the submission of H1-B visa applications.

## MANNER AND MEANS OF THE CONSPIRACY

14. Beginning no later than June 2020 and continuing through at least January 2023, in the Eastern District of California and elsewhere, Defendants conspired to commit visa fraud by submitting, and causing to be submitted, fraudulent H-1B applications representing that the beneficiaries had specific jobs waiting for them at designated end-client organizations. In reality, Defendants knew that the listed jobs did not exist. Rather than securing employment for beneficiaries before seeking H-1B visas as required by law, Defendants took advantage of Defendant MADA's position as CIO of UCANR to report the University of California as the purported end-client for foreign workers. Defendants knew that Defendant MADA did not possess authority to hire H-1B workers without budgetary authorization, and MADA had not received authorization to hire all the beneficiaries submitted.

15. Defendants, using S-Team Software Inc. and Uptrend Technologies LLC, submitted the following fraudulent visa applications, in each application, Defendants reported an end-client position that Defendants knew did not exist at the time Defendants filed the petition:

| Beneficiary | Petition Filed Date | Reported End Client | Submitting Company |
|---|---|---|---|
| R.B.R. | 6/25/2020 | UC Office of the President | S-Team Software Inc. |
| V.K.B. | 6/29/2020 | UCANR | S-Team Software Inc. |
| S.R.S. | 6/29/2020 | UCANR | S-Team Software Inc. |
| P.K. | 6/29/2020 | UCANR | S-Team Software Inc. |

| | | | |
|---|---|---|---|
| A.K.K. | 11/16/2020 | UCANR | S-Team Software Inc. |
| M.J. | 4/14/2021 | UCANR | S-Team Software Inc. |
| V.K.K. | 6/22/2021 | UCANR | S-Team Software Inc. |
| S.G. | 6/28/2021 | UCANR | S-Team Software Inc. |
| S.C.T. | 6/28/2021 | UCANR | S-Team Software Inc. |
| N.J.S. | 6/28/2021 | UCANR | S-Team Software Inc. |
| S.P. | 10/4/2021 | UCANR | S-Team Software Inc. |
| S.K.D. | 12/27/2021 | UCANR | S-Team Software Inc. |
| V.B. | 1/19/2022 | UCANR | S-Team Software Inc. |
| V.P. | 3/21/2022 | UCANR | S-Team Software Inc. |
| C.D.G. | 6/21/2022 | UCANR | S-Team Software Inc. |
| K.K.P. | 6/27/2022 | UCANR | Uptrend LLC |
| S.S. | 6/27/2022 | UCANR | Uptrend LLC |
| S.K.M. | 6/27/2022 | UCANR | Uptrend LLC |
| M.S. | 7/5/2022 | UCANR | Uptrend LLC |
| S.K.V. | 7/5/2022 | UCANR | Uptrend LLC |
| S.B. | 7/5/2022 | UCANR | Uptrend LLC |
| N.H.R. | 7/6/2022 | UCANR | Uptrend LLC |
| P.P.K. | 7/6/2022 | UCANR | Uptrend LLC |
| S.M. | 7/8/2022 | UCANR | Uptrend LLC |
| S.A. | 7/8/2022 | UCANR | Uptrend LLC |
| T.D. | 7/11/2022 | UCANR | Uptrend LLC |
| S.P.C. | 7/11/2022 | UCANR | Uptrend LLC |

16. Defendants undertook to market beneficiaries of the fraudulent H-1B visas to other end clients. As a result of the frauds, Defendants gained unfair advantage over competing staffing firms, in that Defendants' companies were able to obtain H-1B visas for beneficiaries while continuing to market them to potential end-clients, placing beneficiaries at those end-clients as soon as employment was

secured. In contrast, staffing firms complying with the law are required to first secure employment for workers then complete the H-1B visa application process prior to placing beneficiaries at end-client companies.

17. By taking H-1B visas under false assertions of positions with end clients where no actual position exists, Defendants deprived other companies and employers of the chance to obtain H-1B visas for real positions that needed to be filled. Because only a limited number of H-1B visas are issued each year, Defendants' actions decreased the available pool of H-1B visas and harmed competing firms and businesses.

## OVERT ACTS COMMITTED IN FURTHERANCE OF THE CONSPIRACY

18. In furtherance of the conspiracy and to effect the objects thereof, RAJIDI and MADA, within the Eastern District of California and elsewhere, committed overt acts within the dates of the charged conspiracy, including the following:

   a. RAJIDI and MADA worked together to prepare and submit some of the fraudulent petitions described in paragraph 15 of the Manner and Means of the conspiracy using S-Team Software, Inc. and Uptrend LLC, stating that beneficiaries would be placed with end-client University of California.

   b. RAJIDI and MADA worked together to market H-1B beneficiaries to other end-clients in the United States, knowing that those marketed beneficiaries would not be placed with end-client UCANR.

FORFEITURE ALLEGATION: [21 U.S.C. § 853(a), 18 U.S.C. §§ 982(a)(6)(A)(ii)(I) and (II) – Criminal Forfeiture]

Upon conviction of the offense alleged in Count One of this Information, defendants SAMPATH RAJIDI and SREEDHAR MADA shall forfeit to the United States pursuant to 18 U.S.C. §§ 982(a)(6)(A)(ii)(I) and 982(a)(6)(A)(ii)(II), any property real or personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of such violation; and any property used, or intended to be used, in any manner or part to commit or to facilitate the commission of the violation, including but not limited to the following:

   a. Approximately 13 Ether (ETH) and approximately 0.37 Bitcoin (BTC) currently

stored on a Ledger Nano S cryptocurrency hardware wallet seized on December 14, 2023;

    b.    A personal money judgment in the amount of $286,621.28.

2.    If any property subject to forfeiture, as a result of the offense alleged in Count One of this Information, for which defendants are convicted:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of defendants, up to the value of the property subject to forfeiture.

Dated:

ERIC GRANT
United States Attorney

By: *J. Douglas Harman*
J. DOUGLAS HARMAN
Assistant United States Attorney

**United States v. Rajidi et al.**
**Penalties for Information**

## COUNT 1:

VIOLATION: 18 U.S.C. § 371 – Conspiracy

PENALTIES: A maximum of up to 5 years in prison; or
Fine of not more than $250,000; or both fine and imprisonment;
A period of supervised release not to exceed 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)